EDITH SILVERMAN,

*vs.*

NATIONAL ASSETS CORPORATION, a corporation created by and existing under the laws of the State of Delaware.

*New Castle, March 13, 1940.*

No appearance for the State of New York, the claimant.

*Ayres J. Stockly*, of the firm of Hastings, Stockly & Layton, for Leonard G. Hagner, receiver.

THE VICE-CHANCELLOR: The charter of defendant, a Delaware corporation, became void and in 1934 was declared repealed for failure to pay Delaware franchise taxes. Thereafter, by decree in this cause, Leonard G. Hagner was appointed receiver for defendant. Its sole assets were rights of action against certain former directors,

residents of New York. After obtaining judgment against them, the receiver entered into separate compromise agreements and collected sums of money from them. The total amount now remaining is insufficient to pay in full the claim of the State of Delaware for unpaid franchise taxes, which is given a preference under *Revised Code of Delaware of 1935, § 100.*

The questions to be determined are whether the State of New York has established by competent proof (1) a valid claim against defendant, and (2) the right to preference in the distribution of the receivership assets. Unless the claim be accorded a preference, its allowance will be of no practical significance because of the insufficiency of assets to pay the claims of general creditors.

The State of New York filed in these proceedings two verified proofs of claim. One of them sets forth that defendant corporation "was and still is, justly and truly indebted to the claimant in the sum of $30,483.26; that the consideration for said debt is as follows: For license fee in the sum of $30,483.26, with interest at six per centum per annum to date of payment, as shown by statement" annexed to the claim. The other claim in like language asserts an indebtedness of $8,131.69, the consideration for which is stated to be "corporation franchise taxes for the taxable years beginning" November 1, 1929, 1930 and 1931. Each of the claims concludes thus: "Priority is claimed for a debt due the sovereign state."

The statements referred to in the proofs of claim are in the form of notifications of taxes due. In addition to the dates for the computation of interest, they indicate that the license fee was assessed under *Article* 9, *Section* 181 and the franchise taxes under *Article 9-A, Section* 208, *et seq.,* of the *New York Tax Law, Consol. Laws, c.* 60. The printed matter on them includes the assertion that "the State of New York claims a preference over and above all the debts of the defendant corporation."

The receiver took exception to the claims and assigned the following reasons:

"1. Respondent corporation did not do business in the State of New York so as to subject itself to the alleged taxes claimed by the Claimant.

"2. Assuming but not admitting that the respondent was doing business in the State of New York so as to render it subject to New York franchise taxes, the amounts claimed by the Claimant are excessive.

"3. The tax laws of the State of New York have no extra-territorial effect, and the State of Delaware will not enforce taxes assessed by the State of New York.

"4. Claimant's claim, if allowed, is not entitled to any preference or priority over any other debts of the respondent corporation.

"5. Claimant's claim, if allowed as a preferred or prior claim, is subordinate to the claim of the State of Delaware for franchise taxes, filed herein, for which preference is claimed."

At the request of the claimant, the receiver obtained an adjournment of a hearing on the claims. The receiver's solicitor then wrote to an Assistant Attorney General of New York who apparently had charge of this matter, as follows:

"We hereby agree that the claims for taxes filed by the State of New York with the Register in Chancery in the above cause represent the amounts of taxes assessed and fixed by the Department of Taxation and Finance of the State of New York. We also agree that all the facts alleged in the claims filed by the State of New York upon which its claims are based shall be treated by the Vice-Chancellor the same as though they had been testified to at the hearing on January 15th by the person who swore to the claims. We are willing to sign a formal stipulation to this effect if you desire, and file the same, or we will put the substance of this letter into the record at the time of the hearing, whichever you desire.

"If you desire to prove any facts other than those alleged in the proof of claims already filed, we will endeavor to co-operate with you to save you the necessity of bringing your witness here. You send to Anthony F. Emory, Register in Chancery, this City, the affidavit of any such witness to the facts you desire to prove so that it will be received here by December 20th. We will then advise you before January 1st whether we can agree that such affidavit be treated as the testimony of the affiant at the hearing. If we cannot so agree, you will have to offer such evidence as you desire at the hearing on January 15th next."

Pursuant to this letter, the claimant filed with the Register in Chancery a certificate of the State Tax Commission of New York which sets forth:

"That an examination of its records relative to National Assets Corporation, * * * duly authorized to do business in the State of New York on or about April ninth, nineteen hundred twenty-nine, shows that an assessment of franchise tax under the provisions of Article 9-A of the tax law for the tax year beginning November first, nineteen hundred twenty-nine, was duly made against such corporation under date of May thirteenth, nineteen hundred thirty, in the amount of Two thousand six hundred seven dollars and sixteen cents ($2,607.16) and notice thereof forwarded to the corporation under same date at its then address of 527 Fifth Avenue, New York City, and that such tax is still unpaid; . * . * +."

Then follow similar statements with respect to franchise taxes for the two following tax years and with respect to the license fee. The certificate concludes: '

"That an examination of the franchise tax report for the tax year beginning November first, nineteen hundred thirty-one, shows that the said corporation stated that it commenced business in the State of New York on April ninth, nineteen hundred twenty-nine."

The solicitor for the receiver then wrote to the Assistant Attorney General of New York, and referring to the certificate said:

"As suggested in my letter of November 29th, I am writing to advise you that we do agree that the said affidavit be treated as the testimony of the affiant at the hearing on January 15th. If more affidavits than the first one have been filed, kindly advise me."

The claimant took no further steps, except that shortly before the hearing, the Assistant Attorney General telegraphed the receiver's solicitor that the State of New York submitted its claims on the papers filed. The claimant was not represented at the hearing. The receiver adduced evidence showing the matters above set forth. He then, and in a brief subsequently filed, opposed the allowance of the claim, urging, among other things, that the State of New York had failed to introduce evidence sufficient to sustain its claim, particularly in that there is no proof of the rele-

vant law and statutes of New York. The claimant has made no reply.

Construing most favorably to claimant the contents of all the documents above mentioned, the most that could be said is that defendant became indebted to claimant in certain sums by reason of taxes "duly" assessed under statutes designated by number and by letter. What these statutes provide is shown neither by the documents themselves, nor otherwise. Although a bald claim of preference is made, there is nothing before the court to show that under the laws of the State of New York the debts are entitled to preference or priority. "This court has no knowledge of the laws of another state except as the same are pleaded and proved as a fact in the case." *Elsner v. United American Utilities, Inc.*, 21 *Del. Ch.* 73, 180 *A.* 589, affirmed by a decision of the Supreme Court of Delaware, *State of New York v. Mahaffy, et al.*, 22 *Del. Ch.* 405, 12 *A.* 2d 389.

Unless these debts are shown to be preferred under the New York Law, there is no basis for assertion of priority in these proceedings; and in view of the position taken by the receiver, the claim of preference must be disallowed.

It is hence unnecessary to determine whether the claimant would be entitled to a preference in these proceedings if the New York law were shown to be favorable to it. Nor need further consideration be given to the sufficiency of the proof of indebtedness; instead, I shall adopt the construction most liberal to claimant, which, of course, will not change the practical result.

An order will be advised denying priority to the claims but allowing them as general unpreferred debts of defendant.